IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREGORY A. WOLFE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case Number: 07-1903 (JR) |
| ) | |
| ) | |
| **PRESTON M. GEREN, III,** ) | |
| **SECRETARY OF THE ARMY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant, Preston Geren, Secretary of the Army, in his official capacity, through the undersigned counsel, respectfully moves the Court to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's Complaint fails to state a claim upon which relief can be granted. In support of this motion, Defendant respectfully submits the attached memorandum of points and authorities and a proposed order.

Respectfully submitted,

           /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

           /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

                                          /s_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:
MAJOR JERRETT W. DUNLAP
U.S. Army Legal Services Agency
Arlington, Virginia  22203-1837

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY A. WOLFE, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 07-1903 (JR) |
| ) | |
| ) | |
| PRESTON M. GEREN, III, ) | |
| SECRETARY OF THE ARMY, ) | |
| ) | |
|    Defendant. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Defendant files this Memorandum in support of Defendant's Motion to Dismiss. Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's Complaint and this memorandum support Defendant's motion.

**I. STATEMENT OF THE CASE**

Plaintiff, a former soldier in the United States Army, seeks review of the Army's denial of his request to correct his military records through the Army Board for Correction of Military Records ("ABCMR").[1] (Compl. ¶ 1.) The ABCMR considered Plaintiff's application for correction of military records on June 5, 2007. (Compl. ¶ 6.) Two of the board members voted to grant Plaintiff's request for a formal hearing; the remaining board member voted to deny

---

[1] The Army Board for Correction of Military Records is composed of civilians appointed by the Secretary of the Army, and has statutory authority to "correct any [Army] record" in order to "remove error or injustice." 10 U.S.C. § 1552(a).

Plaintiff's application on the merits. (Compl. ¶ 6.) The Acting Deputy Assistant Secretary (Army Review Boards), W.A. "Bud" Shatzer, accepted the minority recommendation and denied Plaintiff's application on June 11, 2007. (Compl. ¶ 8.) Mr. Shatzer cited Army Regulation 15-185 as authority to accept the minority recommendation. (Compl. ¶ 8.)

Plaintiff claims Army Regulation 15-185 "does not permit an application to the ABCMR to be denied by the Secretary or his designee after there has been a majority vote by the ABCMR to grant a formal hearing without the ABCMR first conducting the formal hearing and then taking action on the application." (Compl. ¶ 9.) Plaintiff requests that the Court set aside Mr. Shatzer's decision and remand Plaintiff's application to the ABCMR with instructions to provide a formal hearing. (Compl. ¶ 11.)

## II. SUMMARY OF ARMY REGULATION 15-185

Army Regulation 15-185 (March 31, 2006) is codified at 32 C.F.R. § 581.3 (2007). See Exhibit 1.[2] Army Regulation 15-185 prescribes the policies and procedures for correction of military records by the Secretary of the Army, acting through the ABCMR. 32 C.F.R. § 581.3(a)(1). The Secretary of the Army oversees the operations of the ABCMR and takes final action on applications, as appropriate. Id. at § 581.3(b)(1). Members of the ABCMR: (i) review

---

[2] A court may consider allegations attached, incorporated, or otherwise contained in a complaint, and matters of public record subject to judicial notice, without converting a 12(b)(6) motion into a motion for summary judgment. Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("where a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") Lipton v. MCI Worldcom, Inc., 135 F. Supp. 2d 182, 186 (D.D.C. 2001) ("because the tariffs are public documents . . . the court may take judicial notice of them . . .[and] may consider them on a Rule 12(b)(6) motion.") Army Regulation 15-185, codified at 32 C.F.R. §581.3, clearly meets this criteria as it is both central to Plaintiff's Complaint and a public record subject to judicial notice.

all applications that are properly before them to determine the existence of error or injustice; (ii) direct or recommend changes in military records to correct the error or injustice, if persuaded that material error or injustice exists and that sufficient evidence exists on the record; (iii) recommend a hearing when appropriate in the interest of justice; (iv) deny applications when the alleged error or injustice is not adequately supported by the evidence and when a hearing is not deemed proper; and (v) deny applications when the application is not filed within prescribed time limits and when it is not in the interest of justice to excuse the failure to file in a timely manner. Id. at § 581.3(b)(4).

The functions of the ABCMR include considering "individual applications that are properly brought before it. In appropriate cases, it directs or recommends correction of military records to remove an error or injustice." Id. at § 581.3(c)(2)(i). Additionally, the ABCMR decides "cases on the evidence of record. It is not an investigative body. The ABCMR may, in its discretion, hold a hearing (sometimes referred to as an evidentiary hearing or an administrative hearing in 10 U.S.C. 1034 and [Department of Defense Directive] DODD 7050.6) or request additional evidence or opinions." Id. at § 581.3(c)(2)(iii). In considering an application that is properly brought before it, the ABCMR members "may consider a case on the merits in executive session or may authorize a hearing." Id. at § 581.3(e)(3)(ii). Each application is reviewed by the ABCMR to determine:

   (A) Whether the preponderance of the evidence shows that an error or injustice exists and—
        (1) If so, what relief is appropriate.
        (2) If not, deny relief.
  (B) Whether to authorize a hearing.
  (C) If the application is filed outside the statute of limitations and whether to deny based on untimeliness or to waive the statute in the interest of justice.

Id. at § 581.3(e)(3)(iii). "Applicants do not have a right to a hearing before the ABCMR. The Director or the ABCMR may grant a formal hearing whenever justice requires." Id. at § 581.3(f). "The panel members' majority vote constitutes the action of the ABCMR. The ABCMR's findings, recommendations, and in the case of a denial, the rationale will be in writing." Id. at § 581.3(g)(1)). The Secretary of the Army issues a decision as follows:

> The Secretary of the Army may direct such action as he or she deems proper on each case. Cases returned to the Board for further consideration will be accompanied by a brief statement of the reasons for such action. If the Secretary does not accept the ABCMR's recommendation, adopts a minority position, or fashions an action that he or she deems proper and supported by the record, that decision will be in writing and will include a brief statement of the grounds for denial or revision.

Id. at § 581.3(g)(3)(i).

### III.  ARGUMENT

**A.     Standard Of Review.**

    **1.     Standard Of Review For Failure To State A Claim Upon Which Relief Can Be Granted**.

A case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The allegations in a plaintiff's complaint are presumed true at this stage and all reasonable factual inferences must be construed in plaintiff's favor. Maljack Prods., Inc. v. Motion Picture Ass'n of Am., Inc., 52 F.3d 373, 375 (D.C. Cir. 1995). However, "the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual

allegations." Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl., 127 S. Ct. at 1965. Vance v. Chao, 2007 U.S. Dist. LEXIS 55971 (D.D.C. 2007).

### 2. Review Is Limited Under the Administrative Procedure Act ("APA").

To prevail in this Court, plaintiff "must overcome the strong, but rebuttable, presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." Frizelle v. Slater, 111 F.3d 172, 177 (D.C. Cir. 1997) (quoting Sanders v. United States, 594 F.2d 804, 813 (Cl. Ct. 1979)). To rebut this presumption, plaintiff must establish through "cogent and clearly convincing evidence" that the ABCMR's findings were arbitrary, capricious, unsupported by substantial evidence, or contrary to law or regulations. McDougall v. Widnall, 20 F.Supp. 2d 78, 82 (D.D.C. 1998). Due to this very high standard, only the most egregious agency decisions do not satisfy this very deferential standard of review. Kreis v. Air Force, 866 F.2d 1508, 1515 (D.C. Cir. 1989).

"When reviewing a decision by a military Correction Board, a Court must do so under an 'unusually deferential application of the arbitrary or capricious standard of the APA.'" Lebrun v. England, 212 F. Supp. 2d 5, 14 (D.D.C. 2002) (quoting Musengo v. White, 286 F.3d 535, 538 (D.C. Cir. 2002)). See also Piersal v. Winter, 435 F.3d 319 (D.C. Cir. 2006) (noting review of a military corrections board decision is under a particularly deferential standard of review).

The unusually deferential application of the arbitrary or capricious standard of the APA extends to the Army's interpretation and application of its regulations. Cargill v. Marsh, 902 F.2d 1006, 1008 (D.C. Cir. 1990) (de novo judicial review of challenge to the Army's

interpretation of its regulation governing tuition reimbursement is inconsistent with the heightened deference Congress intended the courts to accord determinations of the Correction Board in proceedings under 10 U.S.C. § 1552 (a)).  The ABCMR may rely on a reasonable interpretation of an Army regulation to support its decision denying relief.  See Musengo, 286 F.3d at 538; see also Cone v. Caldera, 223 F.3d 789, 794-95 (D.C. Cir. 2000).  Accordingly, the ABCMR's interpretation of Army Regulation 15-185 should be granted deference.

Plaintiff challenges this action under the APA.  (Compl. ¶ 1.)  In reviewing an agency's action under the APA's standard, a Court "will not disturb the decision of an agency that has 'examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'"  MD Pharmaceutical, Inc. v. D.E.A., 133 F.3d 8, 16 (D.C. Cir. 1998).  The explanation for its action "does not mean that an agency's decision must be a model of analytic precision to survive a challenge."  Dickson v. Secretary of Defense, 68 F.3d 1396, 1404 (D.C. Cir. 1995).  A reviewing court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned."  Id.  Even if reasonable minds might reach differing conclusions, the Court is not empowered to substitute its judgment for that of the agency.  U.S.P.S. v. Gregory, 534 U.S. 1, 6-7 (2001).

**B.     Plaintiff's Claim That Army Regulation 15-185 Prohibits the Secretary From Denying his Application Without a Hearing Should Be Dismissed.**

Plaintiff argues that Army Regulation 15-185 "does not permit an application to the ABCMR to be denied by the Secretary or his designee[3] after there has been a majority vote by the

---

[3] It is permissible for the Secretary to delegate his authority in such matters to an Assistant Secretary, such as Mr. Shatzer, the Acting Deputy Assistant Secretary (Army Review Boards). See Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1509 (D.C. Cir. 1989).

ABCMR to grant a formal hearing without the ABCMR first conducting the formal hearing and then taking action on the application." (Compl. ¶ 10.) As outlined below, neither Army Regulation 15-185 nor case law support Plaintiff's claim.

Army Regulation 15-185 expressly provides that applicants do not have a right to a hearing before the ABCMR. 32 C.F.R. § 581.3(f). It is well established that the ABCMR's decision to grant an oral hearing is purely discretionary. See Powell v. Marsh, 560 F. Supp. 636, 640 (D.D.C. 1983) (noting that a court should only intervene if it finds that the ABCMR's denial of a hearing was an abuse of discretion); Knehans v. Callaway, 403 F. Supp. 290, 297 (D.D.C. 1975), aff'd sub nom., Knehans v. Alexander, 566 F.2d 312 (D.C. Cir. 1977). Instead, members of the ABCMR "[r]ecommend a hearing when appropriate in the interest of justice." 32 C.F.R. § 581.3(b)(4)(iii). In Plaintiff's case, the majority vote by panel members to hold a hearing constituted "action of the ABCMR," but it did not constitute "final action" by the Secretary. See 32 C.F.R. § 581.3(g), (b)(4).[4] Because the ABCMR's majority vote to grant a hearing was not

---

[4] The ABCMR "acts for the Secretary of the Army" and its decision is "final action" if the ABCMR does one of the following:
    (A) Denies any application (except for actions based on reprisals investigated under 10 U.S.C. § 1034).
    (B) Grants any application in whole or in part without a hearing when—
       (1) The relief is as recommended by the proper staff agency in an advisory opinion.
       (2) Is unanimously agreed to by the ABCMR panel.
       (3) Does not involve an appointment or promotion requiring confirmation by the Senate.

32 C.F.R. § 581.3(g)(2). The vote by the ABCMR regarding Plaintiff's application did not constitute the final action of the Secretary of the Army because it was neither a denial, nor did it grant Plaintiff's "application in whole or in part without a hearing when" it was "unanimously agreed to by the ABCMR panel." Id.

final action of the Secretary, the Secretary was not bound by the majority recommendation that a hearing be held. Rather, Army Regulation 15-185 authorizes the Secretary to "direct such action as he or she deems proper on each case. . . . *If the Secretary does not accept the ABCMR's recommendation, adopts a minority position, or fashions an action that he or she deems proper and supported by the record, that decision will be in writing and will include a brief statement of the grounds for denial or revision.*" Id. at § 581.3(g)(3)(I) (emphasis added). In accordance with this provision the Secretary's designee acted within his authority when he adopted the minority position, thereby denying Plaintiff's request for a hearing and denying his application. (Compl.¶ 8).

      Contrary to Army Regulation 15-185, Plaintiff's Complaint seeks to prohibit the Secretary from adopting a minority position of the ABCMR to deny an application prior to holding a formal hearing. Yet, Army Regulation 15-185 does not require a hearing to be completed before the Secretary takes final action. Moreover, nothing in the regulation precludes the Secretary from adopting a minority position which denies an application before a formal hearing is held. Absent a specific provision in the regulation that precludes the Secretary from taking final action after the ABCMR has taken action, the Court has no basis to find the Secretary violated the regulation. This Circuit's case law further supports the conclusion that the Secretary has the authority to reject the recommendations of a military correction board. See Miller v. Lehman, 801 F.2d 492, 497 (D.C. Cir. 1986) ("Though section 1552(a) directs the Secretary to act through a civilian board, it leaves no doubt that the final decision is to be made by him…. In the context of applications for correction of military records [final agency actions] mean … decisions by the Secretary.").

Plaintiff's Complaint appears to be based on the faulty assumption that because Army Regulation 15-185 requires the ABCMR to forward a decisional document to the Secretary for final action in certain circumstances, these are the only circumstances where the Secretary is permitted to take final action.[5] Such a reading runs contrary to the regulation because it would prohibit the Secretary from "not accept[ing] the ABCMR's recommendation" or "adopt[ing] a minority position" when there is a split of ABCMR board members between rejecting the application and granting a hearing. This is the precise issue in Plaintiff's case where two members of the ABCMR voted to authorize a formal hearing, but one member considered Plaintiff's application on the merits and voted to deny his request. (Compl. ¶ 6.) In accordance with Army Regulation 15-185, the Secretary, through his designee, adopted this minority position of not granting Plaintiff a formal hearing and denying Plaintiff's application to correct his military records. (Compl. ¶ 8.)

Even if Plaintiff's reading of the regulation were plausible, the Secretary's determination that Army Regulation 15-185 allows him to adopt the minority position denying Plaintiff's application prior to holding a formal hearing should be granted substantial deference. See Cargill

---

[5] Army Regulation 15-185 provides:

> The ABCMR will forward the decisional document to the Secretary of the Army for final decision in any case in which—
> (A) A hearing was held.
> (B) The facts involve reprisals under the Military Whistleblower Protection Act, confirmed by the DOD Inspector General (DODIG) under 10 U.S.C. 1034 and DODD 7050.6.
> (C) The ABCMR recommends relief but is not authorized to act for the Secretary of the Army on the application.

32 C.F.R. § 581.3(g)(2)(ii).

v. Marsh, 902 F.2d 1006, 1008 (D.C. Cir. 1990) (discussing the heightened deference Congress intended the courts to accord Correction Board determinations under 10 U.S.C. § 1552 (a)). Because the Secretary's interpretation is reasonable, the Court has no basis for determining his decision was in violation of the regulation.  See Musengo v. White, 286 F.3d 535 (D.C. Cir. 2002); Cone v. Caldera, 223 F.3d 789, 794-95 (D.C. Cir. 2000).  The Court should not disturb the Secretary's decision because it "has 'examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'"  MD Pharmaceutical, Inc. v. D.E.A., 133 F.3d 8, 16 (D.C. Cir. 1998).  Even if the Court found it is possible to interpret the regulation in a manner different than the Secretary, the Court is not empowered to substitute its judgment for that of the agency.  See U.S.P.S. v. Gregory, 534 U.S. 1, 6-7 (2001).

  Plaintiff claims that Army Regulation 15-185 "does not permit an application to the ABCMR to be denied by the Secretary or his designee after there has been a majority vote by the ABCMR to grant a formal hearing without the ABCMR first conducting the formal hearing and then taking action on the application,"(Compl. ¶ 10.)  This is "a legal conclusion[] cast in the form of [a] factual allegation," which this Court need not accept.  Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Plaintiff has failed to "overcome the strong, but rebuttable, presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith."  Frizelle v. Slater, 111 F.3d 172, 177 (D.C. Cir. 1997)(quoting Sanders v. United States, 594 F.2d 804, 813 (Cl. Ct. 1979).  Plaintiff has not established through "cogent and clearly convincing evidence" that the Secretary's decision was contrary to law or regulations.  See McDougall v. Widnall, 20 F.Supp. 2d 78, 82 (D.D.C. 1998).

Accordingly, Plaintiff's Complaint should be dismissed because he has not overcome the very deferential standard of review afforded the Secretary's decisions. See <u>Kreis v. Air Force</u>, 866 F.2d 1508, 1515 (D.C. Cir. 1989).

## V.   CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that the Court grant Defendant's Motion to Dismiss.

                                          Respectfully submitted,

/s
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 353-9895
Attorneys for Defendant

Of Counsel
MAJOR JERRETT W. DUNLAP
U.S. Army Legal Services Agency
Arlington, Virginia  22203-1837

# EXHIBIT 1

32 CFR 581.3

§ 581.3 Army Board for Correction of Military Records.

(a) General -- (1) Purpose. This section prescribes the policies and procedures for correction of military records by the Secretary of the Army, acting through the Army Board for Correction of Military Records (ABCMR).

(2) Statutory authority. Title 10 U.S.C Section 1552, Correction of Military Records: Claims Incident Thereto, is the statutory authority for this regulation.

(b) Responsibilities -- (1) The Secretary of the Army. The Secretary of the Army will oversee the operations of the ABCMR. The Secretary will take final action on applications, as appropriate.

(2) The ABCMR Director. The ABCMR Director will manage the ABCMR's day-to-day operations.

(3) The chair of an ABCMR panel. The chair of a given ABCMR panel will preside over the panel, conduct a hearing, maintain order, ensure the applicant receives a full and fair opportunity to be heard, and certify the written record of proceedings in pro forma and formal hearings as being true and correct.

(4) The ABCMR members. The ABCMR members will --

(i) Review all applications that are properly before them to determine the existence of error or injustice.

(ii) If persuaded that material error or injustice exists, and that sufficient evidence exists on the record, direct or recommend changes in military records to correct the error or injustice.

(iii) Recommend a hearing when appropriate in the interest of justice.

(iv) Deny applications when the alleged error or injustice is not adequately supported by the evidence, and when a hearing is not deemed proper.

(v) Deny applications when the application is not filed within prescribed time limits and when it is not in the interest of justice to excuse the failure to file in a timely manner.

(5) The director of an Army records holding agency. The director of an Army records holding agency will --

(i) Take appropriate action on routine issues that may be administratively corrected under authority inherent in the custodian of the records and that do not require ABCMR action.

(ii) Furnish all requested Army military records to the ABCMR.

(iii) Request additional information from the applicant, if needed, to assist the ABCMR in conducting a full and fair review of the matter.

(iv) Take corrective action directed by the ABCMR or the Secretary of the Army.

(v) Inform the Defense Finance and Accounting Service (DFAS), when appropriate; the applicant; applicant's counsel, if any; and interested Members of Congress, if any, after a correction is complete.

(vi) Return original records of the soldier or former soldier obtained from the Department of Veterans Affairs (VA).

(6) The commanders of Army Staff agencies and commands. The commanders of Army Staff agencies and commands will --

(i) Furnish advisory opinions on matters within their areas of expertise upon request of the ABCMR, in a timely manner.

(ii) Obtain additional information or documentation as needed before providing the opinions to the ABCMR.

(iii) Provide records, investigations, information, and documentation upon request of the ABCMR.

(iv) Provide additional assistance upon request of the ABCMR.

(v) Take corrective action directed by the ABCMR or the Secretary of the Army.

    (7) The Director, Defense Finance and Accounting Service (DFAS). At the request of the ABCMR staff, the Director, DFAS, will --

    (i) Furnish advisory opinions on matters within the DFAS area of expertise upon request.

    (ii) Obtain additional information or documentation as needed before providing the opinions.

    (iii) Provide financial records upon request.

    (iv) On behalf of the Army, settle claims that are based on ABCMR final actions.

    (v) Report quarterly to the ABCMR Director on the monies expended as a result of ABCMR action and the names of the payees.

    (c) ABCMR establishment and functions. (1) ABCMR establishment. The ABCMR operates pursuant to law (10 U.S.C. 1552) within the Office of the Secretary of the Army. The ABCMR consists of civilians regularly employed in the executive part of the Department of the Army (DA) who are appointed by the Secretary of the Army and serve on the ABCMR as an additional duty. Three members constitute a quorum.

    (2) ABCMR functions. (i) The ABCMR considers individual applications that are properly brought before it. In appropriate cases, it directs or recommends correction of military records to remove an error or injustice.

    (ii) When an applicant has suffered reprisal under the Military Whistleblower Protection Act 10 U.S.C. 1034 and Department of Defense Directive (DODD) 7050.6, the ABCMR may recommend to the Secretary of the Army that disciplinary or administrative action be taken against any Army official who committed an act of reprisal against the applicant.

    (iii) The ABCMR will decide cases on the evidence of record. It is not an investigative body. The ABCMR may, in its discretion, hold a hearing (sometimes referred to as an evidentiary hearing or an administrative hearing in 10 U.S.C. 1034 and DODD 7050.6) or request additional evidence or opinions.

    (d) Application procedures -- (1) Who may apply. (i) The ABCMR's jurisdiction under 10 U.S.C. 1552 extends to any military record of the DA. It is the nature of the record and the status of the applicant that define the ABCMR's jurisdiction.

    (ii) Usually applicants are soldiers or former soldiers of the Active Army, the U.S. Army Reserve (USAR), and in certain cases, the Army National Guard of the United States (ARNGUS) and other military and civilian individuals affected by an Army military record. Requests are personal to the applicant and relate to military records. Requests are submitted on DD Form 149 (Application for Correction of Military Record under the Provisions of 10 U.S.C. 1552). Soldiers need not submit applications through their chain of command.

    (iii) An applicant with a proper interest may request correction of another person's military records when that person is incapable of acting on his or her own behalf, missing, or deceased. Depending on the circumstances, a child, spouse, parent or other close relative, heir, or legal representative (such as a guardian or executor) of the soldier or former soldier may be able to demonstrate a proper interest. Applicants must send proof of proper interest with the application when requesting correction of another person's military records.

    (2) Time limits. Applicants must file an application within 3 years after an alleged error or injustice is discovered or reasonably should have been discovered. The ABCMR may deny an untimely application. The ABCMR may excuse untimely filing in the interest of justice.

    (3) Administrative remedies. The ABCMR will not consider an application until the applicant has exhausted all administrative remedies to correct the alleged error or injustice.

    (4) Stay of other proceedings. Applying to the ABCMR does not stay other proceedings.

    (5) Counsel. (i) Applicants may be represented by counsel, at their own expense.

    (ii) See DODD 7050.6 for provisions for counsel in cases processed under 10 U.S.C. 1034.

    (e) Actions by the ABCMR Director and staff -- (1) Criteria. The ABCMR staff will review each application to determine if it meets the criteria for consideration by the ABCMR. The application may be returned without action if --

    (i) The applicant fails to complete and sign the application.

(ii) The applicant has not exhausted all other administrative remedies.

(iii) The ABCMR does not have jurisdiction to grant the requested relief.

(iv) No new evidence was submitted with a request for reconsideration.

(2) Burden of proof. The ABCMR begins its consideration of each case with the presumption of administrative regularity. The applicant has the burden of proving an error or injustice by a preponderance of the evidence.

(3) ABCMR consideration. (i) A panel consisting of at least three ABCMR members will consider each application that is properly brought before it. One panel member will serve as the chair.

(ii) The panel members may consider a case on the merits in executive session or may authorize a hearing.

(iii) Each application will be reviewed to determine --

(A) Whether the preponderance of the evidence shows that an error or injustice exists and --

(1) If so, what relief is appropriate.

(2) If not, deny relief.

(B) Whether to authorize a hearing.

(C) If the application is filed outside the statute of limitations and whether to deny based on untimeliness or to waive the statute in the interest of justice.

(f) Hearings. ABCMR hearings. Applicants do not have a right to a hearing before the ABCMR. The Director or the ABCMR may grant a formal hearing whenever justice requires.

(g) Disposition of applications. (1) ABCMR decisions. The panel members' majority vote constitutes the action of the ABCMR. The ABCMR's findings, recommendations, and in the case of a denial, the rationale will be in writing.

(2) ABCMR final action. (i) Except as otherwise provided, the ABCMR acts for the Secretary of the Army, and an ABCMR decision is final when it --

(A) Denies any application (except for actions based on reprisals investigated under 10 U.S.C. 1034).

(B) Grants any application in whole or in part without a hearing when --

(1) The relief is as recommended by the proper staff agency in an advisory opinion; and

(2) Is unanimously agreed to by the ABCMR panel; and

(3) Does not involve an appointment or promotion requiring confirmation by the Senate.

(ii) The ABCMR will forward the decisional document to the Secretary of the Army for final decision in any case in which --

(A) A hearing was held.

(B) The facts involve reprisals under the Military Whistleblower Protection Act, confirmed by the DOD Inspector General (DODIG) under 10 U.S.C. 1034 and DODD 7050.6.

(C) The ABCMR recommends relief but is not authorized to act for the Secretary of the Army on the application.

(3) Decision of the Secretary of the Army. (i) The Secretary of the Army may direct such action as he or she deems proper on each case. Cases returned to the Board for further consideration will be accompanied by a brief statement of the reasons for such action. If the Secretary does not accept the ABCMR's recommendation, adopts a minority position, or fashions an action that he or she deems proper and supported by the record, that decision will be in writing and will include a brief statement of the grounds for denial or revision.

(ii) The Secretary of the Army will issue decisions on cases covered by the Military Whistleblower Protection Act (10 U.S.C. 1034 and DODD 7050.6). In cases where the DODIG concluded that there was reprisal, these decisions will be made within 180 days after receipt of the application and the investigative report by the DODIG, the Department of the Army Inspector General (DAIG), or other Inspector General offices. Unless the full relief requested is granted, these applicants will be informed of their right to request review of the decision by the Secretary of Defense.

     (4) Reconsideration of ABCMR decision. An applicant may request the ABCMR to reconsider a Board decision under the following circumstances:

     (i) If the ABCMR receives the request for reconsideration within 1 year of the ABCMR's original decision and if the ABCMR has not previously reconsidered the matter, the ABCMR staff will review the request to determine if it contains evidence (including, but not limited to, any facts or arguments as to why relief should be granted) that was not in the record at the time of the ABCMR's prior consideration. If new evidence has been submitted, the request will be submitted to the ABCMR for its determination of whether the new evidence is sufficient to demonstrate material error or injustice. If no new evidence is found, the ABCMR staff will return the application to the applicant without action.

     (ii) If the ABCMR receives a request for reconsideration more than 1 year after the ABCMR's original decision or after the ABCMR has already considered one request for reconsideration, then the case will be returned without action and the applicant will be advised the next remedy is appeal to a court of appropriate jurisdiction.

     (h) Claims/Expenses -- (1) Authority. (i) The Army, by law, may pay claims for amounts due to applicants as a result of correction of military records.

     (ii) The Army may not pay any claim previously compensated by Congress through enactment of a private law.

     (iii) The Army may not pay for any benefit to which the applicant might later become entitled under the laws and regulations managed by the VA.

     (2) Settlement of claims. (i) The ABCMR will furnish DFAS copies of decisions potentially affecting monetary entitlement or benefits. The DFAS will treat such decisions as claims for payment by or on behalf of the applicant.

     (ii) The DFAS will settle claims on the basis of the corrected military record. The DFAS will compute the amount due, if any. The DFAS may require applicants to furnish additional information to establish their status as proper parties to the claim and to aid in deciding amounts due. Earnings received from civilian employment during any period for which active duty pay and allowances are payable will be deducted. The applicant's acceptance of a settlement fully satisfies the claim concerned.

     (3) Payment of expenses. The Army may not pay attorney's fees or other expenses incurred by or on behalf of an applicant in connection with an application for correction of military records under 10 U.S.C. 1552.

     (i) Miscellaneous provisions -- (1) Special standards. (i) Pursuant to the November 27, 1979 order of the United States District Court for the District of Columbia in Giles v. Secretary of the Army (Civil Action No. 77-0904), a former Army soldier is entitled to an honorable discharge if a less than honorable discharge was issued to the soldier on or before November 27, 1979 in an administrative proceeding in which the Army introduced evidence developed by or as a direct or indirect result of compelled urinalysis testing administered for the purpose of identifying drug abusers (either for the purposes of entry into a treatment program or to monitor progress through rehabilitation or follow-up).

     (ii) Applicants who believe that they fall within the scope of paragraph (i)(1)(i) of this section should place the term "CATEGORY G" in block 11b of DD Form 149. Such applications should be expeditiously reviewed by a designated official, who will either send the individual an honorable discharge certificate if the individual falls within the scope of paragraph (i)(1)(i) of this section, or forward the application to the Discharge Review Board if the individual does not fall within the scope of paragraph (i)(1)(i) of this section. The action of the designated official will not constitute an action or decision by the ABCMR.

     (2) Public access to decisions. (i) After deletion of personal information, a redacted copy of each decision will be indexed by subject and made available for review and copying at a public reading room at Crystal Mall 4, 1941 Jefferson Davis Highway, Arlington, Virginia. The index will be in a usable and concise form so as to indicate the topic considered and the reasons for the decision. Under the Freedom of Information Act (5 U.S.C. 552), records created on or after November 1, 1996 will be available by electronic means.

     (ii) Under the Freedom of Information Act and the Privacy Act of 1974 (5 U.S.C. 552a), the ABCMR will not furnish to third parties information submitted with or about an application unless specific written authorization is received from the applicant or unless the Board is otherwise authorized by law.

**HISTORY:** [35 FR 15992, Oct. 10, 1970, as amended at 42 FR 17442, Apr. 1, 1977; 45 FR 17990, Mar. 20, 1980; 46 FR 33518, June 30, 1981; 65 FR 17440, 17441, Apr. 1, 2000; 70 FR 67367, 67368, Nov. 7, 2005]

**AUTHORITY:** AUTHORITY NOTE APPLICABLE TO ENTIRE PART:
10 U.S.C. 1552, 1553, 1554, 3013, 3014, 3016; 38 U.S.C. 3103(a).

**NOTES:** [EFFECTIVE DATE NOTE: 70 FR 67367, 67368, Nov. 7, 2005, revised paragraphs (g)(4)(i) and (g)(4)(ii), effective Dec. 7, 2005.]

NOTES APPLICABLE TO ENTIRE CHAPTER:
EDITORIAL NOTE: Other regulations issued by the Department of the Army appear in title 33, chapter II; and title 36, chapter III.
CROSS REFERENCES: American Battle Monuments Commission: See Parks, Forests, and Public Property, 36 CFR, chapter IV.
Department of Veterans Affairs: See Pensions, Bonuses, and Veterans' Relief, 38 CFR, chapter I.
Federal Acquisition Regulations System, 48 CFR.
ABBREVIATIONS: The following abbreviations are used in this chapter: AGCT = Army General Classification Test. AGO = Adjutant General's Office. APP = Army Procurement Prodedure. AR = Army Regulations. ASPR = Armed Services Procurement Regulations. ATC = Air Transport Command. A. W. = Articles of War. AWOL = Absent Without Leave. Comp. Gen. = Comptroller General. OCF = Office, Chief of Finance. ROTC = Reserve Officer's Training Corps. ZI = Zone of Interior.

2754 words

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GREGORY A. WOLFE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case Number: 07-1903 (JR) |
| | ) |
| | ) |
| **PRESTON M. GEREN, III,** | ) |
| **SECRETARY OF THE ARMY,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**ORDER**

    UPON CONSIDERATION of the Defendant's Motion to Dismiss, any opposition thereto, and the entire record, it is this _____ day of _____, 2008 hereby

    ORDERED, that the Defendant's motion is GRANTED; it is

    FURTHER ORDERED that Plaintiff's Complaint is dismissed with prejudice.


_____
JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE

Copies to:

Parties via ECF