# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GREGORY A. WOLFE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.  07-1903 (JR) |
| | ) | |
| PRESTON M. GEREN, III | ) | |
| Secretary of the Army | ) | |
| | ) | |
| Defendant. | ) | |

## <u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>

Plaintiff opposes Defendant's Motion to Dismiss.  In support of his opposition, plaintiff submits the attached memorandum of points and authorities, Plaintiff Exhibit 1, and a proposed order.

Respectfully submitted,

/s

Grant Lattin, DC Bar # 436051
Counsel for Plaintiff
Lattin & Bednar, LLP
11970 Shorewood Court
Woodbridge, Virginia 22192
Phone: (703) 490-0000
Fax: (703) 991-0454
Email: GLattin@ArmedForcesLaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GREGORY A. WOLFE )
)
        Plaintiff, )
)
v. )        C.A. No. 07-1903 (JR)
)
PRESTON M. GEREN, III )
Secretary of the Army )
)
        Defendant. )

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff seeks review of the June 11, 2007, decision of the Acting Deputy Assistant Secretary (Army Review Boards), W.A. (Bud) Shatzer, acting for the Secretary of the Army, denying the plaintiff's application to the Army Board for Correction of Military Records (ABCMR). Plaintiff asserts that when a majority of the board members voted to grant the plaintiff a hearing, the authority relied upon by Mr. Shatzer to deny the application, Army Regulation (AR) 15-185, did not authorize him to deny plaintiff's application without the hearing first being conducted. Defendant moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) asserting that plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's Complaint, this memorandum, and Plaintiff Exhibit 1 all support Plaintiff's Opposition to Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff served as an officer in the U.S. Army Reserve on active duty from December 5, 2002, until December 12, 2003. Complaint ¶ 4. On June 5, 2007, the ABCMR considered plaintiff's application to correct his military records. Two of the three board members

considering plaintiff's application voted to grant him a formal hearing; one board member voted to deny plaintiff's application. Complaint ¶ 6. Despite the majority vote to grant plaintiff a formal hearing, no hearing was provided. Complaint ¶ 7. Instead, on June 11, 2007, W.A. (Bud) Shatzer, Acting Deputy Assistant Secretary (Army Review Boards), citing Army Regulation (AR) 15-185, decided not to accept the majority vote to grant the plaintiff a formal hearing, accepted the minority recommendation, and denied the plaintiff's application to correct his military records. Complaint ¶ 8.

Plaintiff asserts that the decision is contrary to regulations governing the proceedings of the ABCMR. Specifically, AR 15-185 does not permit an application to the ABCMR to be denied by the Secretary or his designee after there has been a majority vote by the ABCMR to grant a formal hearing without the ABCMR first conducting the formal hearing and then taking action on the application. Complaint ¶ 10. Accordingly, plaintiff asserts that this Court's review pursuant to the Administrative Procedure Act, 5 U.S.C. § 706, should conclude that the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Id*. Plaintiff requests that the Court set aside Mr. Shatzer's decision and remand plaintiff's application to the ABCMR with instructions to provide a formal hearing in accordance with the majority vote of the ABCMR and then issue a decision in accordance with applicable regulations. Complaint ¶ 11.

## ARGUMENT

**A.    Standard of Review.**

**1.    Failure To State A Claim Upon Which Relief Can Be Granted.**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In order to survive a Rule 12(b)(6)

motion to dismiss, a complaint must make sufficient factual allegations to suggest "plausible grounds" for the suit. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1968. A court should not dismiss for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. District of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004). In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations, including mixed questions of law and fact, as true, drawing all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1149 (2004). However, the court may reject "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," or "legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## 2.    Review Under the Administrative Procedure Act (APA), 5 U.S.C. § 706.

In his motion to dismiss, defendant suggests that the ABCMR's interpretation of AR 15-185 should be granted deference by this Court. This assertion is misplaced. Plaintiff notes that when reviewing agency action pursuant to the APA, the Court must determine whether the challenged decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 414 (1971); *Delano v. Roche*, 2006 U.S. Dist. LEXIS 66860, 14 (D.D.C. 2007); *Muwekma Ohlone Tribe,* 452 F. Supp. 2d 105, 114 (D.D.C. 2007). Under the "arbitrary and capricious" scope of review, the Court must give the agency's decision due deference and is not empowered to "substitute its judgment" for that of the agency. *Citizens to Preserve Overton*

*Park, Inc*, 401 U.S. at 415-416; *Muwekma Ohlone Tribe,* 452 F. Supp. 2d at 114 (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (U.S. 1983)).  Moreover, a military correction board, like the ABCMR, is afforded a higher level of deference than civilian administrative agencies. *Kreis v. Air Force*, 866 F.2d 1508, 1514-1515 (D.C. Cir. 1989); *Delano v. Roche*, 2006 U.S. Dist. LEXIS 66860, 14.  Nevertheless, an agency action is arbitrary and capricious if the agency failed to follow procedure required by law or has entirely failed to consider an important aspect of the case presented to it. *Delano v. Roche*, 2006 U.S. Dist. LEXIS 66860, 14; *Calloway v. Brownlee*, 366 F. Supp. 2d 43, 53 (D.D.C. 2005) (citing *Motor Vehicle Mfrs. Ass'n,* 463 U.S. at 43).

The plaintiff's suggestion that the ABCMR's interpretation of AR 15-185 is entitled to deference is misplaced for at least two reasons.  First, plaintiff definitively states that he is not challenging the ABCMR's interpretation of AR 15-185.  In this case the ABCMR voted to grant the plaintiff a formal hearing as provided by AR 15-185.  Plaintiff's complaint is that he was not provided the hearing granted by the ABCMR and explicitly authorized by AR 15-185.

Second, if defendant intended to suggest that the Secretary's interpretation of AR 15-185 is entitled to deference, plaintiff observes that an agency interpretation of its own regulation is not entitled to deference when it is plainly erroneous or inconsistent with the regulation.  *Thomas Jefferson University v. Shalala*, 512 U.S. 504, 512, (1994); *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945); *General Carbon Co. v. OSHRC*, 860 F.2d 479, 483 (D.C. Cir. 1988); *Hazardous Waste Treatment Council v. Reilly*, 938 F.2d 1390, 1395 (D.C. Cir. 1991).

### B.    AR 15-185.

The crux of the current dispute centers on whether the procedures described in AR 15-185 were properly followed before the plaintiff's application to correct his military records was

denied. Plaintiff asserts that the ABCMR has authority to authorize a hearing prior to making a decision on an application for correction of military records. Moreover, plaintiff asserts that the determination to authorize a hearing does not, by itself, constitute either the "action" or "final action" of the ABCMR. In addition, plaintiff maintains that although the Secretary of the Army is not obligated to accept the "action" or recommended disposition on an application, the Secretary of the Army, or his designee, is not permitted to preempt the ABCMR while it is considering an application and before it has offered its recommendation to grant relief or deny the application.

Defendant, on the other hand, suggests that a decision of the ABCMR to grant an applicant a hearing, standing alone, even when the ABCMR is seeking additional evidence before providing a recommendation as to whether the application warrants relief, constitutes the "action" of the ABCMR. Accordingly, the defendant asserts, that in those circumstances when the "action" of the ABCMR does not constitute "final action" by the Secretary, the Secretary of the Army is permitted to deny the application without the hearing ever being conducted. Plaintiff argues that the interpretation offered by the defendant is inconsistent with the regulation or plainly erroneous and is, therefore, not entitled to deference.

AR 15-185 (attached as Exhibit 1)[1] prescribes the policies and procedures for correction of military records by the Secretary of the Army, acting through the ABCMR. ¶ 1-1. Although the Secretary of the Army oversees the operation of the ABCMR, and may take "final action" on applications as appropriate, *see* ¶ 1-5, his authority to take "final action" is subject to the procedural requirements detailed in subsequent paragraphs and only after the ABCMR has completed its "action." *See* ¶¶ 2-10, 2-11, 2-12, 2-13, and 2-14. Although the Secretary is not

---

[1] Plaintiff includes this exhibit and cites to AR 15-185 because the decision of Mr. Shatzer specifically cites to and relies upon AR 15-185 rather than the Code of Federal Regulations where AR 15-185 is codified at 32 C.F.R. § 581.3 (2007).

obligated to accept the recommendation of the ABCMR, the Secretary is not permitted to preempt the ABCMR from properly considering the case before it and taking appropriate "action."

The duties of the ABCMR members are described in ¶ 1-8:

**1–8.  The Army Board for Correction of Military Records members**
The ABCMR members will—
a. Review all applications that are properly before them to determine the existence of error or injustice.
b. Direct or recommend changes in military records to correct the error or injustice, if persuaded that material error or injustice exists and that sufficient evidence exists on the record.
c. Recommend a hearing when appropriate in the interest of justice.
d. Deny applications when the alleged error or injustice is not adequately supported by the evidence and when a hearing is not deemed proper.
e. Deny applications when the application is not filed within prescribed time limits and when it is not in the interest of justice to excuse the failure to file in a timely manner.

Although ¶ 1-8(c) lists one of the duties of the ABCMR as "recommend[ing]" a hearing when appropriate, later paragraphs specifically permit the ABCMR to "authorize" and "grant" a hearing.  In addition, ¶ 1-8(d) makes clear that the ABCMR may only deny an application when a hearing is not deemed proper.  Because a majority of the ABCMR voted to grant a hearing in this case, it could not lawfully deny or recommend denial of the plaintiff's application in this case.

The provisions of ¶ 2-10 describe the ABCMR's consideration of an application:

**2-10. Army Board for Correction of Military Records consideration**
a. A panel consisting of at least three ABCMR members will consider each application that is properly brought before it. One panel member will serve as the chair.
b. The panel members may consider a case on the merits in executive session or may authorize a hearing.
c. Each application will be reviewed to determine-
(1)  Whether the preponderance of the evidence shows that an error or injustice exists and-
(a)  If so, what relief is appropriate.

(b)   If not, deny relief.
(2)   Whether to authorize a hearing.
(3)   If the application is filed outside the statute of limitations and whether to deny based on untimeliness or to waive the statute in the interest of justice.

As previously noted and in contrast to ¶ 1-8(c), ¶¶ 2-10(b) and 2-10(c)(2) specifically permit the ABCMR panel members to "authorize" a hearing.  It should be noted that in directing the ABCMR panel to consider each application, ¶ 2-10(b) permits it to do so either in executive session or by authorizing a hearing.  Only after the directive to consider the application is the ABCMR then directed to determine whether the evidence properly demonstrates an error or injustice to be remedied or otherwise corrected.  There is no suggestion in ¶ 2-10 or subsequent paragraphs that the decision to authorize a hearing to fully and appropriately consider the application before determining what, if any, relief is appropriate constitutes the action of the ABCMR.

Section IV of AR 15-185 is labeled "Hearings and Disposition of Applications."  Both the descriptive label and the sequential description of events contained in section IV demonstrate that when a hearing is authorized, the hearing precedes the disposition or recommended disposition of the application and does not constitute either the "action" or "final action" of the ABCMR.  In sequential order section IV then provides instructions and/or comments on (1) hearings, ¶ 2-11; (2) ABCMR decisions, ¶ 2-12; (3) when ABCMR decisions are final, ¶ 2-13; (4) decisions by the Secretary of the Army, ¶ 2-14; and (5) reconsideration by the ABCMR, ¶ 2-15.

As noted in ¶ 2-11, applicants before the ABCMR do not have a right to a hearing.  Plaintiff acknowledges this fact.  Nevertheless, the clear and unambiguous language of ¶ 2-11 plainly states, "The Director or *the ABCMR may grant a formal hearing whenever justice*

7

*requires*."  (Emphasis added).  AR 15-185 does not contain any provision suggesting that granting a formal hearing requires approval from any authority, including the Secretary of the Army.  On the contrary, the regulation plainly provides that the ABCMR itself may grant the formal hearing.  In this case, the ABCMR specifically authorized and was entitled to grant a formal hearing when a majority of the three panel members approved it.  Although the ABCMR was not required to grant the plaintiff a hearing, it chose to do so in the interests of justice as part of its consideration of plaintiff's application.  Because the ABCMR elected to consider the case after authorizing a hearing rather than considering the case in executive session, *see* ¶ 2-10(b), the panel members were prevented from having all the information to which they were entitled before completing the requirements of ¶ 2-10(c) and determining whether to recommend granting relief or denying the application.

After providing explicit authority for the ABCMR to grant a hearing in ¶ 2-11, AR 15-185 then transitions to ABCMR decisions in ¶ 2-12.  That transition is clearly evidenced by the descriptive label of ¶ 2-12:  "Army Board for Correction of Military Records decisions."  When ¶¶ 2-11 and 2-12 are read together, it is clear that the choice to grant a formal hearing is not the "action" of the ABCMR.  Rather, the choice to consider the case after authorizing a hearing, as permitted in ¶ 2-10(c), precedes the ABCMR "action" and recommendation for disposition.

Although the panel members of the ABCMR voted to grant a formal hearing, that vote should not be confused with the vote described in ¶ 2-12:  "The panel members' majority vote constitutes the action of the ABCMR."  As evidenced by the descriptive label, ¶ 2-12 describes only the decision of the ABCMR and not the choice to grant the hearing that precedes its decision.  It is the decision or recommended disposition of the ABCMR that constitutes the "action" of the ABCMR.  Further clarification of this point is confirmed in the fact that ¶ 2-12

requires the decision to be in writing.  AR 15-185 contains no requirement that the choice to

grant a hearing be in writing.  Accordingly, the choice to grant a hearing cannot be considered

the "action" of the ABCMR that is submitted to the Secretary for "final action."  *See* ¶¶ 1-5 and

2-14.

AR 15-185 next specifies (1) situations in which "the ABCMR acts for the Secretary of

the Army, and an ABCMR decision is final", *see* ¶ 2-13(a), and (2) situations in which the

"ABCMR will forward the *decisional document* to the Secretary of the Army for a final

decision", *see* ¶ 2-13(b) (emphasis added).  In those cases in which the decision of the ABCMR

does not become the "final action," "the Secretary of the Army may direct such action as he or

she deems proper on each case."  ¶ 2-14.  It should be observed that situations in which the

"decisional document" is forwarded to the Secretary as the "action" of the ABCMR includes

situations in which a hearing was held by the ABCMR as part of its consideration of the

application.  ¶ 2-13(b)(1).  This provision illustrates that it is not logically possible for the choice

to hold a hearing, by itself, to constitute the decision or "action" of the ABCMR.  Instead, it is

the "decisional document," produced after full consideration of the application (including a

hearing if granted), recommending disposition of the application that is the "action" of the

ABCMR.

Moreover, as previously mentioned, the ABCMR may only lawfully deny an application

and forward a "decisional document" to the Secretary after two conditions have been met:  (1)

when the alleged error or injustice is not adequately supported by the evidence, and (2) when a

hearing is not deemed proper.  ¶ 1-8(d).  In this case, since a hearing was explicitly authorized,

the ABCMR could not lawfully deny plaintiff's application before it had conducted a hearing.

Consequently, prior to a hearing having been conducted, the ABCMR could not forward a

"decisional document" or its "action" to the Secretary for his consideration and "final action" in accordance with ¶ 2-14.

When read in context and with consideration to the logical sequence of the ABCMR process, the language of ¶ 2-13(b) provides conclusive support for the fact that it is the "decisional document" or recommended disposition of the pending application that constitutes the "action" of the ABCMR.

Both parties appear to agree that, except for circumstances not presented in this case when the ABCMR is acting for the Secretary of the Army and its decision is final, the Secretary is not bound by the "action" of the ABCMR and may direct the action deemed proper in each case.

The primary point of contention between plaintiff and defendant concerns whether the choice to grant a hearing may properly be considered the "action" of the ABCMR. Plaintiff contends that (1) the written decision of the ABCMR described in ¶ 2-12 and the "decisional document" referenced in ¶ 2-14(b) constitutes the "action" of the ABCMR. Defendant suggests that the authority and choice to grant a hearing described in ¶¶ 2-10(b) and 2-11 may be considered the "action" of the ABCMR.

Plaintiff respectfully submits that (1) the explicit language of AR 15-185 authorizes the ABCMR to grant a formal hearing as part of its consideration of the application without the approval of the Secretary and (2) that when the text of AR 15-185 is read in context, the "action" of the ABCMR cannot be reasonably understood to be the decision to grant a hearing but instead must be understood to be the ABCMR's written decision or "decisional document" to the Secretary providing a recommendation whether to grant or deny relief on the pending application.

10

In this case, plaintiff asserts that when the Secretary denied the plaintiff's application to correct his military records without permitting the ABCMR to conduct the hearing it authorized prior to providing a written decision or "decisional document," it acted contrary to AR 15-185. To the extent the Secretary suggests that a contrary interpretation of AR 15-185, plaintiff responds that such an interpretation is not entitled to deference because it is clearly erroneous or inconsistent with AR 15-185.

## CONCLUSION

Since it is undisputed that the ABCMR authorized a formal hearing and that hearing was not provided in accordance with the governing regulation, plaintiff has stated a claim upon which relief can be granted. Accordingly, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be denied.

Respectfully submitted,

/s_____
Grant Lattin, DC Bar # 436051
Counsel for Plaintiff
Lattin & Bednar, LLP
11970 Shorewood Court
Woodbridge, Virginia 22192
Phone: (703) 490-0000
Fax: (703) 991-0454
Email: GLattin@ArmedForcesLaw.com

Army Regulation 15–185

Boards, Commissions, and Committees

# Army Board for Correction of Military Records

Headquarters
Department of the Army
Washington, DC
31 March 2006

# UNCLASSIFIED

Plaintiff Exhibit 1

# SUMMARY of CHANGE

AR 15-185
Army Board for Correction of Military Records

This rapid action revision dated 31 March 2006--

o Updates policies and procedures in the reconsideration of Army Board for
  Correction of Military Records decision in order to comply with the United
  States District Court for the District of Columbia decision (Lipsman v.
  Secretary of the Army--Civil Action No. 02-0251, 2004 U.S. Dist. Lexis 17866)
  (para 2-15).

o Updates appendix A.

This revision--

o Updates information on the policy and procedures for the operation of the Army
  Board for Correction of Military Records.

o Implements Department of Defense (DOD) Instruction 1336.6, Correction of
  Military Records (para 2-2a).

o Implements that portion of section 1034 of title 10 of the U.S. Code and that
  portion of DOD Directive 7050.6, Military Whistleblower Protection, that
  pertain to actions by the Army Board for Correction of Military Records (para
  2-2b).

o Prescribes DD Form 149 (Application for Correction of Military Record Under
  the Provisions of title 10, U.S. Code, section 1552) (para 2-3b).

**Headquarters**
**Department of the Army**
Washington, DC
31 March 2006

***Army Regulation 15–185**

**Effective 1 May 2006**

**Boards, Commissions, and Committees**

# Army Board for Correction of Military Records

By Order of the Secretary of the Army:

PETER J. SCHOOMAKER
*General, United States Army*
*Chief of Staff*

Official:

*[signature]*

JOYCE E. MORROW
*Administrative Assistant to the*
*Secretary of the Army*

**History.** This publication is a rapid action revision. The portions affected by this rapid action revision are listed in the summary of change.

**Summary.** This regulation provides Department of the Army policy, criteria, and administrative instructions regarding an applicant's request for the correction of a military record.

**Applicability.** This regulation applies to the Active Army, the Army National Guard/Army National Guard of the United States, and the U.S. Army Reserve unless otherwise stated. Also, it applies to former soldiers of these organizations and their heirs or legal representatives and other individuals, military or civilian, who are affected by a military record. Further, it applies to the Defense Finance and Accounting Service in settling claims as a result of correction of an Army military record. This regulation remains in full effect during mobilization.

**Proponent and exception authority.** The proponent of this regulation is the Assistant Secretary of the Army (Manpower and Reserve Affairs). The proponent has the authority to approve exceptions or waivers to this regulation that are consistent with controlling law and regulations. The proponent may delegate this approval authority, in writing, to a division chief within the proponent agency or its direct reporting unit or field operating agency, in the grade of colonel or the civilian equivalent. Activities may request a waiver to this regulation by providing justification that includes a full analysis of the expected benefits and must include formal review by the activity's senior legal officer. All waiver requests will be endorsed by the commander or senior leader of the requesting activity and forwarded through their higher headquarters to the policy proponent. Refer to AR 25–30 for specific guidance.

**Army management control process.** This regulation contains management control provisions in accordance with AR 11–2, but does not identify key management controls that must be evaluated.

**Supplementation.** Supplementation of this regulation and establishment of command and local forms are prohibited without prior approval from HQDA, Assistant Secretary of the Army (Manpower and Reserve Affairs) (SAMR–ZA), Army Pentagon, Washington, DC 20310–0111.

**Suggested improvements.** Users are invited to send comments and suggested improvements on DA Form 2028 (Recommended Changes to Publications and Blank Forms) directly to the Department of the Army Review Boards Agency, ATTN: SAMR–ARBA, 1941 Jefferson Davis Highway, Arlington, VA 22202–4508.

**Distribution.** This publication is available in electronic media only and is intended for command levels C, D, and E for the Active Army, Army National Guard/Army National Guard of the United States, and the U.S. Army Reserve.

**Contents** (Listed by paragraph and page number)

**Chapter 1**
**Introduction,** *page 1*

*Section I*
*General, page 1*

Purpose • 1–1, *page 1*
References • 1–2, *page 1*
Explanation of abbreviations and terms • 1–3, *page 1*
Statutory authority • 1–4, *page 1*

*Section II*
*Responsibilities, page 1*

*This regulation supersedes AR 15–185, dated 29 February 2000.

AR 15–185 • 31 March 2006        i

**UNCLASSIFIED**
Plaintiff Exhibit 1

**Contents—Continued**

The Secretary of the Army • 1–5, *page 1*
The Director, Army Board for Correction of Military Records • 1–6, *page 1*
The chair of an Army Board for Correction of Military Records panel • 1–7, *page 1*
The Army Board for Correction of Military Records members • 1–8, *page 1*
The Director, Army Records Holding Agency • 1–9, *page 1*
The commanders of Army Staff agencies and commands • 1–10, *page 2*
The Director, Defense Finance and Accounting Service • 1–11, *page 2*

**Chapter 2**
**General,** *page 2*

*Section I*
*Army Board for Correction of Military Records Establishment and Functions, page 2*
Army Board for Correction of Military Records establishment • 2–1, *page 2*
Army Board for Correction of Military Records functions • 2–2, *page 2*

*Section II*
*Application Procedures, page 2*
Who may apply • 2–3, *page 2*
Time limits • 2–4, *page 2*
Administrative remedies • 2–5, *page 3*
Stay of other proceedings • 2–6, *page 3*
Counsel • 2–7, *page 3*

*Section III*
*Actions by the Army Board for Correction of Military Records Director and Staff, page 3*
Criteria • 2–8, *page 3*
Burden of proof • 2–9, *page 3*
Army Board for Correction of Military Records consideration • 2–10, *page 3*

*Section IV*
*Hearings and Disposition of Applications, page 3*
Army Board for Correction of Military Records hearings • 2–11, *page 3*
Army Board for Correction of Military Records decisions • 2–12, *page 3*
Army Board for Correction of Military Records final action • 2–13, *page 3*
Decision of the Secretary of the Army • 2–14, *page 4*
Reconsideration of Army Board for Correction of Military Records decision • 2–15, *page 4*

**Chapter 3**
**Claims/Expenses,** *page 4*

Authority • 3–1, *page 4*
Settlement of claims • 3–2, *page 4*
Payment of expenses • 3–3, *page 4*

**Chapter 4**
**Miscellaneous Provisions,** *page 5*

Special standards • 4–1, *page 5*
Public access to decisions • 4–2, *page 5*

**Appendix A.**   References, *page 6*

**Glossary**

**Index**

Plaintiff Exhibit 1

## Chapter 1
## Introduction

### Section I
### General

### 1–1. Purpose
This regulation prescribes the policies and procedures for correction of military records by the Secretary of the Army, acting through the Army Board for Correction of Military Records (ABCMR).

### 1–2. References
Required and related publications and prescribed and referenced forms are listed in appendix A.

### 1–3. Explanation of abbreviations and terms
Abbreviations and special terms used in this regulation are explained in the glossary.

### 1–4. Statutory authority
Section 1552, Title 10, United States Code (10 USC 1552) is the statutory authority for this regulation.

### Section II
### Responsibilities

### 1–5. The Secretary of the Army
The Secretary of the Army will oversee the operations of the ABCMR. The Secretary will take final action on applications, as appropriate.

### 1–6. The Director, Army Board for Correction of Military Records
The Director, ABCMR will manage the ABCMR day–to–day operations.

### 1–7. The chair of an Army Board for Correction of Military Records panel
The chair of a given ABCMR panel will—
*a.* Preside over the panel.
*b.* Conduct a hearing.
*c.* Maintain order.
*d.* Ensure the applicant receives a full and fair opportunity to be heard.
*e.* Certify the written record of proceedings in pro forma and formal hearings as being true and correct.

### 1–8. The Army Board for Correction of Military Records members
The ABCMR members will—
*a.* Review all applications that are properly before them to determine the existence of error or injustice.
*b.* Direct or recommend changes in military records to correct the error or injustice, if persuaded that material error or injustice exists and that sufficient evidence exists on the record.
*c.* Recommend a hearing when appropriate in the interest of justice.
*d.* Deny applications when the alleged error or injustice is not adequately supported by the evidence and when a hearing is not deemed proper.
*e.* Deny applications when the application is not filed within prescribed time limits and when it is not in the interest of justice to excuse the failure to file in a timely manner.

### 1–9. The Director, Army Records Holding Agency
The director of an Army records holding agency will—
*a.* Take appropriate action on routine issues that may be administratively corrected under authority inherent in the custodian of the records and that do not require ABCMR action.
*b.* Furnish all requested Army military records to the ABCMR.
*c.* Request additional information from the applicant, if needed, to assist the ABCMR in conducting a full and fair review of the matter.
*d.* Take corrective action directed by the ABCMR or the Secretary of the Army.
*e.* Inform the Defense Finance and Accounting Service (DFAS), when appropriate; the applicant; the applicant's counsel, if any; and the interested Members of Congress, if any, after a correction is complete.
*f.* Return original records of the soldier or former soldier obtained from the Department of Veterans Affairs.

Plaintiff Exhibit 1

### 1–10. The commanders of Army Staff agencies and commands

The commanders of Army Staff agencies and commands will—

   *a.* Furnish advisory opinions on matters within their areas of expertise upon request of the ABCMR and in a timely manner.

   *b.* Obtain additional information or documentation as needed before providing the opinions to the ABCMR.

   *c.* Provide records, investigations, information, and documentation upon request of the ABCMR.

   *d.* Provide additional assistance upon request of the ABCMR.

   *e.* Take corrective action directed by the ABCMR or the Secretary of the Army.

### 1–11. The Director, Defense Finance and Accounting Service

At the request of the ABCMR staff, the Director, DFAS, will—

   *a.* Furnish advisory opinions on matters within the DFAS area of expertise upon request.

   *b.* Obtain additional information or documentation as needed before providing the opinions.

   *c.* Provide financial records upon request.

   *d.* Settle claims that are based on ABCMR final actions, on behalf of the Army.

   *e.* Report quarterly to the ABCMR Director on the monies expended as a result of ABCMR action and the names of the payees.

## Chapter 2
## General

### Section I
### Army Board for Correction of Military Records Establishment and Functions

### 2–1. Army Board for Correction of Military Records establishment

The ABCMR operates pursuant to law (10 USC 1552) within the Office of the Secretary of the Army. The ABCMR consists of civilians regularly employed in the executive part of the Department of the Army (DA) who are appointed by the Secretary of the Army and serve on the ABCMR as an additional duty. Three members constitute a quorum.

### 2–2. Army Board for Correction of Military Records functions

   *a.* The ABCMR considers individual applications that are properly brought before it. In appropriate cases, it directs or recommends correction of military records to remove an error or injustice.

   *b.* When an applicant has suffered reprisal under 10 USC 1034 and DODD 7050.6, the ABCMR may recommend to the Secretary of the Army that disciplinary or administrative action be taken against any Army official who committed an act of reprisal against the applicant.

   *c.* The ABCMR will decide cases on the evidence of record. It is not an investigative body. The ABCMR may, in its discretion, hold a hearing (sometimes referred to as an evidentiary hearing or an administrative hearing in 10 USC 1034 and DODD 7050.6) or request additional evidence or opinions.

### Section II
### Application Procedures

### 2–3. Who may apply

   *a.* The ABCMR's jurisdiction under 10 USC 1552 extends to any military record of the DA. It is the nature of the record and the status of the applicant that define the ABCMR's jurisdiction.

   *b.* Usually applicants are soldiers or former soldiers of the Active Army, the U.S. Army Reserve (USAR), and in certain cases, the Army National Guard of the United States (ARNGUS) and other military and civilian individuals affected by an Army military record. Requests are personal to the applicant and relate to military records. Requests are submitted on DD Form 149 (Application for Correction of Military Record Under the Provisions of Title 10, U.S. Code, Section 1552). Soldiers need not submit applications through their chain of command.

   *c.* An applicant with a proper interest may request correction of another person's military records when that person is incapable of acting on his or her own behalf, missing, or deceased. Depending on the circumstances, a child, spouse, parent, or other close relative, heir, or legal representative (such as a guardian or executor) of the soldier or former soldier may be able to demonstrate a proper interest. Applicants must send proof of proper interest with the application when requesting correction of another person's military records.

### 2–4. Time limits

Applicants must file an application within 3 years after an alleged error or injustice is discovered or reasonably should

Plaintiff Exhibit 1

have been discovered. The ABCMR may deny an untimely application. The ABCMR may excuse untimely filing in the interest of justice.

## 2–5. Administrative remedies
The ABCMR will not consider an application until the applicant has exhausted all administrative remedies to correct the alleged error or injustice.

## 2–6. Stay of other proceedings
Applying to the ABCMR does not stay other proceedings.

## 2–7. Counsel
   *a.* Applicants may be represented by counsel, at their own expense.
   *b.* See DODD 7050.6 for provisions for counsel in cases processed under 10 USC 1034.

## Section III
## Actions by the Army Board for Correction of Military Records Director and Staff

## 2–8. Criteria
The ABCMR staff will review each application to determine if it meets the criteria for consideration by the ABCMR. The application may be returned without action if—
   *a.* The applicant fails to complete and sign the application.
   *b.* The applicant has not exhausted all other administrative remedies.
   *c.* The ABCMR does not have jurisdiction to grant the requested relief.
   *d.* No new evidence was submitted with a request for reconsideration.

## 2–9. Burden of proof
The ABCMR begins its consideration of each case with the presumption of administrative regularity. The applicant has the burden of proving an error or injustice by a preponderance of the evidence.

## 2–10. Army Board for Correction of Military Records consideration
   *a.* A panel consisting of at least three ABCMR members will consider each application that is properly brought before it. One panel member will serve as the chair.
   *b.* The panel members may consider a case on the merits in executive session or may authorize a hearing.
   *c.* Each application will be reviewed to determine—
   (1) Whether the preponderance of the evidence shows that an error or injustice exists and—
   *(a)* If so, what relief is appropriate.
   *(b)* If not, deny relief.
   (2) Whether to authorize a hearing.
   (3) If the application is filed outside the statute of limitations and whether to deny based on untimeliness or to waive the statute in the interest of justice.

## Section IV
## Hearings and Disposition of Applications

## 2–11. Army Board for Correction of Military Records hearings
Applicants do not have a right to a hearing before the ABCMR. The Director or the ABCMR may grant a formal hearing whenever justice requires.

## 2–12. Army Board for Correction of Military Records decisions
The panel members' majority vote constitutes the action of the ABCMR. The ABCMR's findings, recommendations, and in the case of a denial, the rationale will be in writing.

## 2–13. Army Board for Correction of Military Records final action
The panel members' majority vote constitutes the action of the ABCMR. The ABCMR's findings, recommendations, and in the case of a denial, the rationale will be in writing.
   *a.* Except as otherwise provided, the ABCMR acts for the Secretary of the Army, and an ABCMR decision is final when it—
   (1) Denies any application (except for actions based on reprisals investigated under 10 USC 1034).
   (2) Grants any application in whole or in part without a hearing when—
   *(a)* The relief is as recommended by the proper staff agency in an advisory opinion.

Plaintiff Exhibit 1

*(b)* Is unanimously agreed to by the ABCMR panel.

*(c)* Does not involve an appointment or promotion requiring confirmation by the Senate.

*b.* The ABCMR will forward the decisional document to the Secretary of the Army for final decision in any case in which—

(1) A hearing was held.

(2) The facts involve reprisals under the Military Whistleblower Protection Act, confirmed by the DOD Inspector General (DODIG) under 10 USC 1034 and DODD 7050.6.

(3) The ABCMR recommends relief but is not authorized to act for the Secretary of the Army on the application.

## 2–14. Decision of the Secretary of the Army

*a.* The Secretary of the Army may direct such action as he or she deems proper on each case. Cases returned to the Board for further consideration will be accompanied by a brief statement of the reasons for such action. If the Secretary does not accept the ABCMR's recommendation, adopts a minority position, or fashions an action that he or she deems proper and supported by the record, that decision will be in writing and will include a brief statement of the grounds for denial or revision.

*b.* The Secretary of the Army will issue decisions on cases covered by the Military Whistleblower Protection Act (10 USC 1034 and DODD 7050.6). In cases where the DODIG concluded that there was reprisal, these decisions will be made within 180 days after receipt of the application and the investigative report by the DODIG, the DA Inspector General (DAIG), or other Inspector General offices. Unless the full relief requested is granted, these applicants will be informed of their right to request review of the decision by the Secretary of Defense.

## 2–15. Reconsideration of Army Board for Correction of Military Records decision

An applicant may request the reconsideration of an ABCMR decision under the following circumstances:

*a.* If the ABCMR receives the request for reconsideration within 1 year of the ABCMR's original decision and if the ABCMR has not previously reconsidered the matter, the ABCMR staff will review the request to determine if it contains evidence (including, but not limited to, any facts or arguments as to why relief should be granted) that was not in the record at the time of the ABCMR's prior consideration. If new evidence has been submitted, the request will be submitted to the ABCMR for its determination of whether the new evidence is sufficient to demonstrate material error or injustice. If no new evidence is found, the ABCMR staff will return the application to the applicant without action.

*b.* If the ABCMR receives a request for reconsideration more than 1 year after the ABCMR's original decision or after the ABCMR has already considered one request for reconsideration, then the case will be returned without action and the applicant will be advised the next remedy is appeal to a court of appropriate jurisdiction.

# Chapter 3
# Claims/Expenses

## 3–1. Authority

*a.* The Army, by law, may pay claims for amounts due to applicants as a result of correction of military records.

*b.* The Army may not pay any claim previously compensated by Congress through enactment of a private law.

*c.* The Army may not pay for any benefit to which the applicant might later become entitled under the laws and regulations managed by the Department of Veterans Affairs.

## 3–2. Settlement of claims

*a.* The ABCMR will furnish DFAS copies of decisions potentially affecting monetary entitlement or benefits. The DFAS will treat such decisions as claims for payment by or on behalf of the applicant.

*b.* The DFAS will settle claims on the basis of the corrected military record. The DFAS will compute the amount due, if any. The DFAS may require applicants to furnish additional information to establish their status as proper parties to the claim and to aid in deciding amounts due. Earnings received from civilian employment during any period for which active duty pay and allowances are payable will be deducted. The applicant's acceptance of a settlement fully satisfies the claim concerned.

## 3–3. Payment of expenses

The Army may not pay attorney's fees or other expenses incurred by or on behalf of an applicant in connection with an application for correction of military records under 10 USC 1552.

Plaintiff Exhibit 1

# Chapter 4
# Miscellaneous Provisions

## 4–1. Special standards

*a.* Pursuant to the 27 November 1979 order of the United States District Court for the District of Columbia in *Giles v. Secretary of the Army* (Civil Action No. 77–0904), a former Army soldier is entitled to an honorable discharge if a less than honorable discharge was issued to the soldier on or before 27 November 1979 in an administrative proceeding in which the Army introduced evidence developed by or as a direct or indirect result of compelled urinalysis testing administered for the purpose of identifying drug abusers (either for the purposes of entry into a treatment program or to monitor progress through rehabilitation or follow-up).

*b.* Applicants who believe that they fall within the scope of paragraph *a,* above, should place the term "CATEGORY G" in block 11b of DD Form 149. Such applications should be expeditiously reviewed by a designated official, who will either send the individual an honorable discharge certificate if the individual falls within the scope of paragraph *a,* above, or forward the application to the Discharge Review Board if the individual does not fall within the scope of paragraph *a,* above. The action of the designated official will not constitute an action or decision by the ABCMR.

## 4–2. Public access to decisions

*a.* After deletion of personal information, a redacted copy of each decision will be indexed by subject and made available for review and copying at a public reading room at Crystal Mall 4, 1941 Jefferson Davis Highway, Arlington, VA. The index will be in a usable and concise form so as to indicate the topic considered and the reasons for the decision. Under the Freedom of Information Act, records created on or after 1 November 1996 will be available by electronic means.

*b.* Under the Freedom of Information Act and the Privacy Act of 1974, the ABCMR will not furnish to third parties information submitted with or about an application unless specific written authorization is received from the applicant or unless the Board is otherwise authorized by law.

Plaintiff Exhibit 1

## Appendix A
## References

### Section I
### Required Publications
This section contains no entries.

### Section II
### Related Publications
A related publication is a source of additional information. The user does not have to read a related reference to understand this publication.

**AR 15–130**
Army Clemency and Parole Board

**AR 25–55**
The Department of the Army Freedom of Information Act Program

**AR 340–21**
The Army Privacy Program

**AR 600–8–104**
Military Personnel Information Management/Records

**DODD 7050.6**
Military Whistleblower Protection

**5 USC 552**
Public information; agency rules, opinions, orders, records, and proceedings

**10 USC 1034**
Protected communications; prohibition of retaliatory personnel actions

**10 USC 1552**
Correction of military records: claims incident thereto

**38 USC 5902**
Recognition of representatives of organizations

### Section III
### Prescribed Forms
This prescribed form is available through the normal supply channels and the APD Web site http://www.apd.army.mil.

**DD Form 149**
Application for Correction of Military Record Under the Provisions of Title 10, U.S. Code, Section 1552 (prescribed in para 2–3*b*).

### Section IV
### Referenced Forms
This section contains no entries.

Plaintiff Exhibit 1

## Glossary

**Section I**
**Abbreviations**

**ABCMR**
Army Board for Correction of Military Records

**AR**
Army regulation

**ARNGUS**
Army National Guard of the United States

**ATTN**
Attention

**DA**
Department of the Army

**DAIG**
Department of the Army Inspector General

**DFAS**
Defense Finance and Accounting Service

**DOD**
Department of Defense

**DODD**
Department of Defense Directive

**DODIG**
Department of Defense Inspector General

**HQDA**
Headquarters, Department of the Army

**IG**
Inspector General

**U.S.**
United States (of America)

**USAR**
U.S. Army Reserve

**USC**
United States Code

**Section II**
**Terms**

**Applicant**
A person who applies to the ABCMR for correction of an Army military record.

**Counsel**
Includes individuals in good standing of the Federal bar or the bar of any state, territory or the District of Columbia; accredited representatives of veterans' organizations recognized under 38 USC 5902; and other individuals determined by the ABCMR to be competent to represent the interests of the applicant. Army Judge Advocate General's Corps officers may assist in the preparation and submission of an application to the ABCMR. However, they may not

Plaintiff Exhibit 1

represent an applicant at a hearing, if one is granted, without written approval of The Judge Advocate General of the Army.

**Official military personnel file**
The permanent, historical, and official record of a soldier's military service.

**Records Holding Agency**
The agency responsible for the safe storage, maintenance, and control of records.

**Secretary of the Army**
Includes the Secretary's designee to act on ABCMR matters.

## Section III
## Special Abbreviations and Terms
This section contains no entries.

Plaintiff Exhibit 1

## Index

This index is organized alphabetically by topic and subtopic. Topics and subtopics are identified by paragraph number.

**ABCMR decisions**
  Action of the ABCMR, 1–8, 2–2, 2–8
  Decisional documents, 2–13
  Determinations, 1–8, 2–12
  \Military Whistleblower Protection Act provisions, 2–12, 2–14
**ABCMR deliberations**
  ABCMR determinations, 2–14, 2–15
  Advisory opinions, 1–10, 1–11
  Denial of applications, 1–8, 2–12, 2–13
  Evidence considered, 2–10
**ABCMR hearings**
  Evidence considered, 2–10
  Executive session, 2–10
  Hearings, 2–10, 2–11
  Military Whistleblower Protection Act provisions, 2–2, 2–14
  No right to hearing, 2–11
**ABCMR information sources**
  Advisory opinions, 1–10, 1–11, 2–13
  Information from other Government sources, 1–9, 1–10
  Presumption of administrative regularity, 2–9
  Reports from IG, 2–14
**Access to records**
  Records access, 4–2
  Request for official records, 4–2
**Action after final decision**
  Filing of documentation, 1–9
  Notification to applicant, 1–9
  Notification to Army/Defense officials , 1–9, 3–2
  Notification to counsel/Members of Congress, 1–9
**Actions by the ABCMR staff**
  Administrative denial, 2–8
  Notification to applicant, 2–8
  Preview of applications, 2–8
**Application forms**
  Completion of forms, 2–3, 2–8

**Claims/expenses**
  Authority for payment, 3–1
  Payments not authorized, 3–1, 3–3
**Consideration by the ABCMR**
  Composition of ABCMR panel, 2–10
  Evidence considered, 2–10
**Counsel representation**
  Counsel at applicant's own expense, 2–7
  Definition of counsel, 2–7
  Representation by Army Judge Advocate General Corps officer, 2–7

**Decision of the Secretary of the Army**
  Military Whistleblower Protection Act provisions, 2–13, 2–14
  Review by the Secretary of Defense, 2–14
  Secretary of the Army's actions, 1–5, 2–13, 2–14
**Decisional documents**
  Evidence considered, 2–13

**Explanation of abbreviations and terms, Glossary**

Plaintiff Exhibit 1

**Final action by the ABCMR**
  Actions of the ABCMR, 2–12, 2–13
  Decisional documents, 2–13
**Form prescribed**
  Completion of form, 2–8, 4–1
  Minority reports, 2–14

**Payment of expenses**
  Payments not authorized, 3–1, 3–3
**Preparation before applying**
  Applicant's actions before applying, 2–5
**Public access to decision**
  Documents available to review, 4–2
  Index of decisions, 4–2
  Prohibitions on furnishing information, 4–2
  Purpose paragraph, 1–1

**Reconsideration of applications**
  Actions on requests for reconsideration, 2–15
  Basis for reconsideration, 2–15
  Notification to applicant, 2–15
**References**
  Prescribed and referenced forms, appendix A
  Related publications, appendix A
**Report of settlement**
  The Army section of the DFAS action, 1–11
**Responsibilities**
  ABCMR members, 1–8, 2–14
  Applicant, 2–3, 2–4, 2–5, 2–6, 2–10, 2–11, 2–12, 2–13, 3–2
  Army records holding agency, 1–9, 4–2
  DFAS, 1–11, 3–1, 3–2, 3–3
  Army Staff agencies and/or commands, 1–10
  Chair, 1–7
  Director of the ABCMR, 1–6
  Secretary of the Army, 1–1, 1–5, 1–9, 2–1, 2–13, 4–2

**Separate communications**
  Comments/Recommendations to the Secretary of the Army, 2–14
**Settlement of claims**
  Army section of the DFAS actions, 1–11, 3–1, 3–2, 3–3
  Settlement report, 1–11
**Setup of the ABCMR**
  Authority for ABCMR, 2–1
  Composition of ABCMR, 2–1
  Special Standards, 4–1
**Staff assistance**
  Advisory opinions, 1–10, 1–11
  Compliance with requests, 1–10, 1–11, 1–14
  Information from other Government sources, 2–13, 4–2
  Statutory authority, 1–4
  Stay on other proceedings, 2–6

**Time limits**
  Excusing a failure to timely file, 2–4, 2–10
  Failure to timely apply, 2–4, 2–10

**Who may apply**
  Applicants, 2–3
  ABCMR jurisdiction, 2–3

Plaintiff Exhibit 1

**UNCLASSIFIED**                    PIN 000431−000

Plaintiff Exhibit 1



ELECTRONIC  PUBLISHING  SYSTEM
OneCol  FORMATTER  WIN32  Version  231

PIN:            000431–000
DATE:           03-31-06
TIME:           10:48:24
PAGES  SET:     14
_____
DATA  FILE:     C:\wincomp\r15-185.fil
DOCUMENT:       AR  15–185

SECURITY:       UNCLASSIFIED
DOC  STATUS:  REVISION

Plaintiff Exhibit 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GREGORY A. WOLFE          )
                                   )
              Plaintiff,     )
                                   )
v.                                )     C.A. No.  07-1903 (JR)
                                   )
PRESTON M. GEREN, III     )
Secretary of the Army         )
                                   )
            Defendant.    )

**ORDER**

Upon consideration of the Defendant's Motion to Dismiss, the plaintiff's opposition to the

motion, and the entire record, it is this _____ day of _____, 2008, hereby

ORDERED, that the Defendant's motion is DENIED.

_____
JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE