IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY A. WOLFE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1903 (JR) |
| ) | |
| PRESTON M. GEREN, III, ) | |
| SECRETARY OF THE ARMY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

The Secretary of the Army, through his designee, acted in accordance with Army Reg. 15-185 when he adopted the minority position denying Plaintiff's application to the Army Board for Correction of Military Records ("ABCMR" or "Board"). The controlling regulation expressly authorizes the Secretary to adopt minority positions. Army Reg. 15-185, ¶ 2-14(a). Nothing in the regulation requires the Secretary to await a hearing when a minority member has voted to deny an application on the merits. Plaintiff's argument ignores the Secretary's express authority to adopt a minority position once that minority member has determined the preponderance of the evidence shows that no error or injustice exists and that no relief should be granted. Accordingly, Plaintiff's Complaint should be dismissed for failing to state a claim upon which relief can be granted.

I.   **The Secretary of the Army Acted Within His Authority To Adopt a Minority Position Denying Plaintiff's Application.**

Plaintiff notes that the "primary point of contention between Plaintiff and Defendant concerns whether the choice to grant a hearing may properly be considered the 'action' of the

ABCMR." (Plaintiff's Opp. at 10). Plaintiff contends that once the majority of the ABCMR voted to authorize a hearing, the Secretary was not permitted to adopt a minority position recommending denial of an application because the vote did not constitute "action" reviewable by the Secretary. (Plaintiff's Opp. at 4-6.) Plaintiff's interpretation is not expressly or implicitly contained in the regulation. Defendant maintains that the ABCMR's two votes for a hearing and one vote to deny Plaintiff's application on the merits constituted ABCMR action that the Secretary was allowed to review. Defendant's Motion to Dismiss and the Secretary's actual decision (Reply Ex. 1)[1] make clear that the ABCMR's decision was in fact considered by the Secretary, who adopted the minority Board member's position to deny Plaintiff's application on the merits.

    Plaintiff argues that the majority vote of ABCMR members to grant a hearing and the minority Board member's recommendation to deny the application on the merits cannot be an action by the ABCMR subject to the Secretary's review. Plaintiff bases this argument not on the text of the regulation, but rather on arguments about the structure of the regulation, the "descriptive" labels of the headings, and the ordering of the paragraphs. Plaintiff attempts to bolster this interpretation by asserting that "the ABCMR may only lawfully deny an application and forward a 'decisional document' to the Secretary after two conditions have been met . . . when the alleged error or injustice are not adequately supported by the evidence [and] when a

---

[1] A court may consider allegations attached, incorporated, or otherwise contained in a complaint, and matters of public record subject to judicial notice, without converting a 12(b)(6) motion into a motion for summary judgment. <u>Vanover v. Hantman</u>, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) ("where a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") The Secretary's decision is directly referenced in paragraph 8 of Plaintiff's Complaint and thus clearly meets this criteria set forth above.

hearing is not deemed proper." (Plaintiff's Opp. at 9) (citing Army Reg. 15-185, ¶ 1-8(d).)[2] Plaintiff also finds support from the fact that ABCMR decisions must be in writing, while the regulation does not specifically state that a determination to grant a hearing be in writing. (Id. at 8-9).

There are several flaws with Plaintiff's argument. First, Plaintiff's structural argument is premised on the idea that ¶ 2-12–which says the majority vote constitutes the action of the ABCMR–"describes only the decision of the ABCMR" while ¶ 2-11, which precedes ¶ 2-12 numerically, deals with the choice to grant a hearing. (Plaintiff's Op. at 8.).  Thus, Plaintiff alleges "[w]hen ¶¶ 2-11 and 2-12 are read together, it is clear that the choice to grant a formal hearing is not the 'action' of the ABCMR."(Plaintiff's Opp. at 8.).  Plaintiff's argument places undue emphasis on the generic term "action" and ignores the express reference to the Secretary's authority to adopt a minority position.  "Action" is not defined in the regulation's glossary, nor is it operationally defined.  In fact, the term "action" is listed in the index to the regulation as "Action after final decision" and "Actions by the ABCMR staff."  The use of the generic word action to reference the ABCMR's decision in ¶ 2-12 does not preclude the Secretary from adopting the minority Board member's recommendation and taking "final action" in the present case. [3]

---

[2] Plaintiff ignores ¶ 1-8(e), which provides ABCMR members will "[d]eny applications when the application is not filed with prescribed time limits and when it is not in the interest of justice to excuse the failure to file in a timely manner."

[3] Although Defendant's Motion uses the term "action of the ABCMR," ( Def. Mot. to Dismiss, at 7), this was used in a generic sense to distinguish the Board's vote from "final action" by the Secretary.  Defendant does not contend the term "action" must be synonymous with the term "decision."  Compare Army Reg. 15-185, ¶ 2-13 (noting when "an ABCMR decision is final"); with ¶ 2-14 (discussing the Secretary's authority to direct actions and to make

Plaintiff's argument completely ignores the minority Board member's decision, which considered Plaintiff's application on the merits, and voted to deny Plaintiff's requested relief. (Reply Ex. 1 at ¶ 1.)  The regulation expressly authorizes the Secretary to adopt a minority position.  Army Reg. 15-185, ¶ 2-14.  Furthermore, nothing in the regulation requires the Secretary to wait to adopt this minority position until after a hearing takes place.  Contrary to Plaintiff's assertions, the regulation is simply silent regarding the specific issue of whether the Secretary must wait for a hearing before adopting a minority position to deny the application on the merits.  Although the regulation does not specifically address the issue, the Secretary acted well within his authority by interpreting the regulation as allowing him to adopt the minority position on the merits.  Plaintiff concedes that the Secretary is not obligated to accept the recommendation of the ABCMR, but states "the Secretary is not permitted to preempt the ABCMR from properly considering the case before it and taking appropriate 'action.'" (Plaintiff's Opp. at 5-6.)  The Secretary did not preempt the ABCMR from considering Plaintiff's application, because the minority Board member determined that the preponderance of the evidence showed that no error existed and that relief should be denied.  Army Reg. 15-185, ¶ 2-10.

Nothing in the regulation precludes the Secretary from adopting the minority position in the manner that he did in accordance with ¶ 2-14.[4]  While it could be inappropriate for the

---

decisions).  Plaintiff attempts to use the terms action and decision synonymously to limit the Secretary's authority to act and adopt the minority Board member's decision. (Plaintiff's Opp. at 9.)

[4] Plaintiff's contention might have merit in a case where the ABCMR  unanimously voted to grant a hearing and there was no minority position to adopt.  In that instance none of the ABCMR members would have considered the application on the merits and no decisional

Secretary to make a decision before the ABCMR considers an application at all, the Secretary has the authority to adopt a minority position once he reviews "the findings and discussion and reason for recommending that the applicant be granted a formal hearing" (Reply Ex. 1 at ¶ 2) and "accept[s] the Board's minority recommendation . . . [that] the applicant's request for relief [be] denied." (Reply Ex. 1 at ¶ 8.)  In this case, although two Board members voted to authorize a hearing, the minority Board member fully considered the application and determined the preponderance of the evidence showed that an error or injustice did not exist.  (See Comp., ¶¶ 6-8); (Reply Ex. 1); (Army Reg 15-185 ¶ 2-10(c).)  Plaintiff's action should be dismissed because Army Reg 15-185 ¶ 2-14(a) expressly authorizes the Secretary to adopt minority positions and nothing in the regulation requires the Secretary to await a hearing when a Board member has voted to deny the application.

It is worth noting that Plaintiff's constrained interpretation of Army Reg 15-185 would limit the Secretary's ability to adopt a minority position in instances which are beneficial to applicants.  Army Reg. 15-185, ¶ 2-13(b) states that the "ABCMR will forward the decisional document to the Secretary of the Army for final decision in any case in which – (1) A hearing was held.  (2) The facts involve reprisals under the Military Whistleblower Protection Act . . . (3) The ABCMR recommends relief but is not authorized to act for the Secretary on the application."  Army Reg. 15-185, ¶ 2-13(b) (emphasis added).  While this paragraph describes when the ABCMR is required to forward an application to the Secretary for his decision, Plaintiff interprets the regulation to mean that "the ABCMR could not forward a 'decisional

---

document may have been forwarded to the Secretary.  See id. ¶ 2-10 (providing that ABCMR members may consider a case on the merits in executive session or may authorize a hearing).

document' to the Secretary for his consideration" at any other time. (Plaintiff's Opp. at 9-10). Ironically, Plaintiff's interpretation of the regulation, only allowing the Secretary to take action when a decisional document is <u>required</u> to be forwarded to the Secretary, would preclude the Secretary from adopting a minority position and granting relief when the majority of the ABCMR votes to deny relief but one Board member recommends that relief be granted. <u>See</u> Army Reg. ¶ 2-13 (a)-(b) (providing that a denial by the ABCMR is final and does not meet the criteria to require forwarding a decisional document to the Secretary). (Plaintiff's Opp. at 9.) This further demonstrates the overly narrow reading that Plaintiff's interpretation places on the regulation and why the Secretary's reading should be upheld.

## II.     **The Court Should Not Overturn The Secretary's Reasonable Interpretation of Army Regulation 15-185**.

As argued in Defendant's Motion to Dismiss, "the Secretary's determination that Army Regulation 15-185 allows him to adopt the minority position denying Plaintiff's application prior to holding a formal hearing should be granted substantial deference." (Def. Mot. to Dismiss, at 9) (citing <u>Cargill v. Marsh</u>, 902 F.2d 1006, 1008 (D.C. Cir. 1990)).  Plaintiff argues against this result, stating

> The plaintiff's [sic][5] suggestion that the ABCMR's interpretation of [Army Reg.] 15-185 is entitled to deference is misplaced for at least two reasons.  First, plaintiff definitively states that he is not challenging the ABCMR's interpretation of [Army Reg.] 15-185. . . . Second, if defendant intended to suggest that the Secretary's interpretation of [Army Reg.] 15-185 is entitled to deference, plaintiff observes that an agency interpretation of its own regulation is not entitled to deference when it is plainly erroneous or inconsistent with the regulation.

(Plaintiff's Opp., at 4.)   Contrary to Plaintiff's assertion, neither of these proffered reasons are

---

[5] The government assumes Plaintiff intended to refer to Defendant's alleged suggestion, not Plaintiff's suggestion.

sufficient to demonstrate that the Secretary's interpretation of the regulation in this case was plainly erroneous.

First, Defendant's Motion makes clear that Plaintiff is challenging the Secretary's, not the ABCMR's, interpretation of Army Regulation 15-185. Defendant's opening Motion expressly states "the Secretary's determination that Army Regulation 15-185 allows him to adopt the minority position denying Plaintiff's application prior to holding a formal hearing should be granted substantial deference." (Def. Mot. to Dismiss, at 9) (citing Cargill v. Marsh, 902 F.2d 1006, 1008 (D.C. Cir. 1990)). It further states that "[e]ven if the Court found it possible to interpret the regulation in a manner different than the Secretary, the Court is not empowered to substitute its judgment for that of the agency." (Id. at 10) (citing U.S.P.S. v. Gregory, 534 U.S. 1, 6-7 (2001)). It is clear that the Secretary's interpretation of Army Reg. 15-185 is at issue, and it is equally clear that his interpretation is entitled to deference by this Court.[6] Plaintiff's second argument concedes that the Secretary is generally entitled to deference but merely avers that the Secretary's interpretation "is not entitled to deference when it is plainly erroneous or inconsistent with the regulation." (Plaintiff's Opp. at 4) (citations omitted). As discussed in detail above, the Secretary's interpretation of the regulation is not "plainly erroneous or inconsistent with the regulation." Id. Even if reasonable minds might reach differing conclusions, the Court cannot

---

[6] Plaintiff may have misread the government's discussion of the standard of review as applied in traditional military correction board cases, which referred to the deference generally owed to the ABCMR, with the government's specific argument that the interpretation of the Secretary was owed deference in this case. Compare. (Def. Mot. to Dismiss, at 6) (stating the ABCMR may rely on a reasonable interpretation of an Army regulation to support its decision denying relief) with (id. at 9-10) (discussing deference owed to the Secretary's interpretation of Army Reg. 15-185 in this case). Because the ABCMR acts for the Secretary, the deference normally given to the ABCMR is owed to the Secretary when he acts.

and should not substitute its judgment for that of the Secretary.  U.S.P.S. v. Gregory, 534 U.S. 1, 6-7 (2001).

Plaintiff has failed to establish through "cogent and clearly convincing evidence" that the Secretary's denial of his application was arbitrary, capricious, unsupported by substantial evidence, or contrary to law or regulations.  McDougall v. Widnall, 20 F.Supp. 2d 78, 82 (D.D.C. 1998).  Nothing in AR 15-185 expressly prohibits the Secretary from adopting a minority position denying an application when the two other members voted to authorize a hearing.   Absent such evidence, the Secretary's interpretation should be granted deference and Plaintiff's Complaint should be dismissed because he has not overcome the very deferential standard of review afforded the Secretary's decisions.  See Kreis v. Air Force, 866 F.2d 1508, 1515 (D.C. Cir. 1989).

## V.   CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that the Court grant Defendant's Motion to Dismiss.

        Respectfully submitted,

/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 353-9895
Attorneys for Defendant

Of Counsel
MAJOR JERRETT W. DUNLAP
U.S. Army Legal Services Agency
Arlington, Virginia  22203-1837

# Exhibit 1



**DEPARTMENT OF THE ARMY**
OFFICE OF THE ASSISTANT SECRETARY
MANPOWER AND RESERVE AFFAIRS
1901 SOUTH BELL STREET, 2ND FLOOR
ARLINGTON, VA 22202-4508

SFMR-RB                                                                 June 11, 2007


MEMORANDUM FOR US ARMY REVIEW BOARDS AGENCY SUPPORT DIVISION, ST. LOUIS (SFMR-RBR-SL), 9700 PAGE AVENUE, ST. LOUIS, MO 63132-5200

SUBJECT: Army Board for Correction of Military Records Record of Proceedings for Wolfe, Gregory A., SSN 277705699, AR20060016078


1. Reference the attached Army Board for Correction of Military Records Record of Proceedings, dated June 5, 2007, in which the Board recommended, in a 2 to 1 decision, that the applicant be granted a formal hearing. The minority vote was to deny relief.

2. I have reviewed the findings and discussion and reason for recommending that the applicant be granted a formal hearing.

3. One Board member believed the applicant should be allowed to present a convincing argument to a board of officers to plead for mercy. He requested the opportunity to appear before the Board, and in the name of justice it should be granted. The second Board member recommended that the applicant be granted a formal hearing to allow him an opportunity to meet with the Board and explain his goals/views of an outcome for his case and to allow the Board to clarify what is in writing.

4. I have carefully reviewed the contentions of the applicant's counsel and the evidence provided. Counsel stated that the applicant requested, in part, that his discharge be voided and he be restored to active duty with his records showing he graduated from the Military Police Officer's Basic Course and with appropriate promotions. Counsel for the applicant wrote a 19-page brief outlining the applicant's arguments and provided over 200 pages of evidence. The evidence included the applicant's Student Status Review decision packet, to which the applicant submitted a two-page appeal. The evidence included the applicant's three-page rebuttal to the general officer memorandum of reprimand which included his request to continue to serve in the Army. The evidence included the applicant's Faculty Board packet. The testimony from the Faculty Board is not available. However, the applicant's response to the Faculty Board notification indicated he wished to appear before the board, and counsel stated that the applicant was prepared to answer the charges of misconduct and leadership deficiencies [before the Faculty Board].

Wolfe, Gregory A., AR20060016078

5. Army Regulation 15-185 governs operations of the ABCMR. Paragraph 2-11 of this regulation states that applicants do not have a right to a hearing before the ABCMR. The regulation provides that the Director of the ABCMR or the ABCMR may grant a formal hearing before which the applicant, counsel, and witnesses may appear whenever justice requires. Paragraph 2-14 states the Secretary of the Army need not accept the ABCMR's recommendation, may adopt a minority position, or may fashion an action that is deemed proper and supported by the record.

6. I, acting for the Secretary of the Army, have decided not to accept the majority vote to grant the applicant a formal hearing.

7. A formal hearing is normally granted when all the facts and evidence do not appear to have been presented with the original application or the applicant has not otherwise had a chance to present his case, making it difficult for the informal ABCMR panel to make a fair and equitable decision. In this case, however, the applicant had a chance to present his case four different times – with his appeal to the Student Status Review (which was available for review); with his rebuttal to the general officer memorandum of reprimand; with his appearance before the Faculty Board (to which his counsel alluded that he was prepared to answer charges of misconduct and leadership deficiencies); and with his counsel's 19-page brief and 200-plus pages of evidence to the ABCMR.

8. I have determined that the applicant's submission is sufficient to make a determination on his stated issue and that a formal hearing is not necessary. Therefore, I accept the Board's minority recommendation, and the applicant's request for relief is denied.

BY ORDER OF THE SECRETARY OF THE ARMY:

Encl

W. A. (Bud) Shatzer
Acting Deputy Assistant Secretary
(Army Review Boards)

CF:
( )Applicant
( )Counsel
( )DFAS
( )