UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY A. WOLFE,                       :
                                        :
        Plaintiff,                      :
                                        :
    v.                                  :  Civil Action No. 07-1903 (JR)
                                        :
PRESTON M. GEREN III, Secretary         :
of the Army,                            :
                                        :
        Defendant.                      :

## MEMORANDUM

Plaintiff Gregory Wolfe complains that the Secretary of the Army did not follow Army Regulation 15-185, codified at 32 C.F.R. § 581.3, when he denied Wolfe's request to correct his military record.  Wolfe presented his request to the Army Board for Correction of Military Records ("ABCMR").  Two panel members voted to grant him a formal hearing and one member voted to deny his request on the merits.  The Secretary adopted the minority position and denied the request.  In plaintiff's submission, the Secretary is not at liberty to adopt the minority position when the majority has voted to grant a hearing.  Because the regulation – as reasonably interpreted by the Secretary – does permit the adoption of the minority position in this situation, the Secretary's motion to **dismiss** will be granted.

Requests for record correction are presented to the ABCMR, but the applicable regulation reserves most decisional authority for the Secretary.  It provides that

> The Secretary of the Army may direct such action as he or she deems proper on each case. . . . If the Secretary does not accept the ABCMR's recommendation, <u>adopts a minority position</u>, or fashions an action that he or she deems proper and supported by the record, that decision will be in writing and will include a brief statement of the grounds for denial or revision.

32 C.F.R. § 581.3(g)(3) (emphasis added). The regulation excepts certain circumstances where "the ABCMR acts for the Secretary of the Army, and an ABCMR decision is final," but a majority vote for a hearing like the one at issue here is not one of those circumstances. <u>Id.</u> § 581.3(g)(2). "Applicants do not have a right to a hearing" under the regulation. <u>Id.</u> § 581.3(f). In short, the plain text of the regulation allows the Secretary to make a determination as to whether a hearing is appropriate and expressly reserves to the Secretary the prerogative to accept the majority position of the ABCMR or to adopt the minority view.

The plaintiff's argument in the face of this plain language is that the Secretary may indeed adopt a minority position after the board fully considers a request, but that "the Secretary is not permitted to preempt the ABCMR from properly considering the case before it," [8] at 6, or, in other words, that a minority position may not be adopted before there has been a hearing if there is majority support for such a hearing. But the regulation in no way limits the Secretary's prerogative to accept the minority position to cases on the merits as opposed to

decisions about whether to have a hearing, and indeed, this limitation is contrary to the regulation's robust reservation of authority to the Secretary to "direct such action as he or she deems proper on each case."  Indeed, even if the regulation were ambiguous, the Secretary's interpretation of his own regulation would be entitled to substantial deference.  See Consarc Corp. v. Iraqi Ministry, 27 F.3d 695, 701 (D.C. Cir. 1994) (an agency's "contemporaneous application of [its] own regulations[] receives an even greater degree of deference than the Chevron standard, and must prevail unless plainly inconsistent with the regulation"); Cargill v. Marsh, 902 F.2d 1006, 1008 (D.C. Cir. 1990) (Congress intended "heightened deference" for proceedings before the Correction Board).  Adopting the minority position and denying the request without a hearing was not plainly inconsistent with Army Regulation 15-185, and so the Secretary's action must be upheld.

      An appropriate order accompanies this memorandum.


                                       JAMES ROBERTSON
                          United States District Judge